LEE *v.* LEE *et al.*

No. 11694.  JUNE 17, 1937.

*Edward F. Taylor* and *Burt A. Schmidt,* for plaintiff.

*Turpin & Lane* and *Ryals, Anderson & Anderson,* for defendants.

BECK, Presiding Justice.   Booker T. Lee brought an equitable petition against seven named persons, six of whom were his brothers, sisters, nephews, and nieces, residing without the State of Georgia; the other defendant, Roy W. Crockett, being a resident of Bibb County, where this suit was filed.   Petitioner alleges that during his mother's lifetime she was unable to pay her debts, and that he from time to time advanced money therefor, and also joined in the execution of a security deed to a creditor, the de-

fendant Roy Crockett, that his mother entered with petitioner into an agreement whereby she agreed that all of the property described in the petition should be turned over to him "for the specified purpose of your petitioner holding same and collecting the rents and profits therefrom, in order to reimburse himself for the sums of money which he was requested to pay and which he did pay for the account of Roxie Lee," his mother; that the property is described in a deed to secure debt, executed by petitioner and his father and mother, conveying the same to Roy W. Crockett, to secure an indebtedness of his mother to Crockett, in the principal sum of $1360; that his mother in her lifetime paid only $601 of this debt, and petitioner paid the balance; that petitioner's mother turned over this real estate to him with instruction to manage and handle and use the same for the purpose of repaying him the advances made by petitioner for his mother's account; that he went into possession thereof for the purpose stated, during his mother's lifetime, and has remained in possession, managing the same and collecting the rents and profits therefrom for the purpose of reimbursing himself, and is still in possession, about four years after his mother's death; that before her death his mother executed a quitclaim deed to this property, "whereby she attempted to convey to Walter Lee, Sallie Lee Thomas, and Fred Lee the real estate hereinbefore described, and now, about four years after his mother's death, one of her grantees, Walter Lee, has notified tenants on the place that he is the owner, and that the tenants should no longer pay rent to petitioner; that when petitioner made the final payment which discharged the debt for which the security deed was given, he "understood that Roy W. Crockett had transferred said security deed to your petitioner as security for the sums of money which your petitioner paid the said Roy W. Crockett on account of said security deed, and on the 9th day of November, 1931 [four years before bringing this suit], accepted from said Roy W. Crockett what petitioner thought was a transfer of said security deed, but which actually was an order to the clerk of the court to cancel said security deed." Petitioner prays specific performance of the contract and agreement made with his mother; also for reformation of the order for cancellation of the security deed, so as to make it a transfer of the same to petitioner; and that all defendants be enjoined from disturbing petitioner in his

possession and management of the property in question until he has collected sufficient rents to fully reimburse him for the sums of money advanced by him. "Petitioner does not care for a personal judgment against the estate of Roxie Lee, but asks merely that the rights of petitioner be set up as superior to the rights of the defendants in and to said property for the sole purpose of paying your petitioner the sums advanced by him."

As to reformation, petitioner does not allege that there was any understanding or agreement between himself and the holder of the security deed whereby the latter was to transfer the same to him upon payment of the debt secured by it, or that there was any mutual mistake, or deceit or fraud; he merely alleging that "it was through petitioner's ignorance that he accepted an order for cancellation instead of a transfer of said security deed." And the petitioner waited four years before bringing this petition praying for a reformation. The petition was demurred to on the grounds, among others, that no substantial relief was prayed for against Crockett, the sole defendant who resides in the county where the suit was brought, and that the facts alleged do not show that the plaintiff is entitled to reformation; also upon the ground of laches. The court sustained the general demurrer, but did not pass on the grounds of special demurrer.

■■ The rulings in headnotes 1 and 2, showing that no cause of action is set forth against the defendant Crockett, require no elaboration.

■ We must therefore consider whether or not a cause of action is stated against the other defendants. They being all non-residents, the suit could be maintained in Bibb County where the land is situated, although no cause of action is stated against the defendant residing in that county, and the case might have been dismissed as to him upon a proper special demurrer. But as against the other defendants it is distinctly alleged that they were the grantees in a deed executed in March, 1934. While the deed which placed the title in them was a quitclaim deed, the title was as effectually placed in them by such a deed as if it had been a warranty deed; and it placed it in them as against the plaintiff, although he was actually in possession of the land. But no lien in his favor had been created, and the security deed to the former creditor, Crockett, had not been transferred to him. And it

should be mentioned here that no claim of subrogation is made to the rights of Crockett. The plaintiff does not even allege that the defendants other than Crockett had any notice of the agreement between Mrs. Roxie Lee and this plaintiff. Nor is the representative of Mrs. Roxie Lee, the deceased mother of the plaintiff and the non-resident defendants, made a party to this suit, which would have been necessary if a cause of action were otherwise stated against these defendants; for it would have been necessary that her representative should be made a party to defend the estate against the claims made by the plaintiff. It is apparent from a consideration of the entire petition that the plaintiff is not entitled to the relief sought against the non-resident defendants. Therefore the court properly sustained the general demurrer.

*Judgment affirmed. All the Justices concur.*

RUSSELL, Chief Justice. I concur in the judgment of affirmance, but I do not concur in all that is said in the opinion. The judge properly sustained the general demurrer to the petition. Boiling down the allegations of the petition in considering it upon demurrer, the story is extremely short. No reason whatever is given why the petitioner thought or had any reason to think that the paper handed to him by Crockett was an assignment of Crockett's rights to the petitioner. It is not alleged that the petitioner could neither read nor write, and his palpable negligence in failing to read the paper delivered to him by Crockett thereafter barred him from reformation or recovery.